# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ISMAILA BAH,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**TODD BLANCHE, ATTORNEY GENERAL; MARK WAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND MARIA DEANDRA YBARRA, U.S. ICE FIELD OFFICE DIRECTOR;**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-02085-LS** |

## ORDER DISMISSING CASE

Petitioner Ismaila Bah seeks a writ of habeas corpus under 28 U.S.C. § 2241, but the Court has already considered and denied Petitioner's claims.[1] "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first,"[2] or by "rais[ing] the same claim a second time,"[3] and a district court may raise abuse of the writ *sua sponte*.[4] The district court should then "dismiss any claims raised in [a petitioner's] second petition that he raised in his first as well."[5] For any new claims that could have been raised in the first petition, the petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim."[6] Petitioner claims that detention without a bond hearing violates his right to procedural

[1] *See Bah v. Bondi*, No. 3:26-cv-00949 (W.D. Tex. May 15, 2026).
[2] *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).
[3] *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020).
[4] *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).
[5] *In re Aldama Aleman*, No. 26-50451, 2026 WL 2192789, at *1 (5th Cir. July 29, 2026) (citing *Beras v. Johnson*, 978 F.3d at 252).
[6] *Id.* (quoting *McCleskey*, 499 U.S. at 494–95).

due process, which was also his first cause of action in his first petition.[7] The Court therefore **DISMISSES** this action with prejudice for abuse of the writ. The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 14, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[7] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, *Bah v. Bondi*, No. 3:26-cv-00949 (W.D. Tex. May 15, 2026), ECF No. 1 at 21–22.